**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**MARCH SESSION, 1999**

**FILED**

April 22, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9808-CC-00329** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **MAURY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JIM T. HAMILTON,** |
| **KING DAVID JOHNSON,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

ON APPEAL FROM THE JUDGMENT OF THE
CIRCUIT COURT OF MAURY COUNTY

FOR THE APPELLANT:

HERSHELL D. KOGER
131 North First Street
P.O. Box 1148
Pulaski, TN 38478

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

MIKE BOTTOMS
District Attorney General
P.O. Box 459
Lawrenceburg, TN 38464

OPINION FILED _____

SENTENCE MODIFIED; REMANDED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, King David Johnson, appeals as of right his sentence of twenty years in the Department of Correction for the second degree murder of his girlfriend. Defendant was indicted in 1993 for first degree murder, and a jury convicted him of second degree murder in February 1996. Following a sentencing hearing, the trial court sentenced him to twenty years as a Range I offender. In his first appeal to this Court, Defendant challenged the sufficiency of the evidence and the length of his sentence. This Court affirmed his conviction for second degree murder, but remanded his case for resentencing because the trial judge failed to place on the record what enhancement or mitigating factors he found, as well as findings of fact, in accordance with the mandate of Tennessee Code Annotated § 40-30-210(f). State v. King David Johnson, No. 01C01-9610-CC-00430, 1997 WL 661501, at *4 (Tenn. Crim. App., Nashville, Oct. 24, 1997).

The trial judge held a second sentencing hearing on March 13, 1998, and he again sentenced Defendant to twenty years as a Range I offender. In this appeal of his resentencing, Defendant argues the same substantive issues as in his first appeal: (1) the trial court erred by relying upon inapplicable enhancement factors, (2) the trial court erred by failing to apply applicable mitigating factors, and (3) the trial court erred by placing excessive weight on the enhancement factors.[1]

---

[1] Defendant presented no argument on his second and third assignments of error. We note that the trial court clearly accepted and applied the mitigating factors proffered by Defendant, as acknowledged infra in the discussion of the trial court's findings.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Upon resentencing, the trial judge placed on the record his consideration of the specific enhancement and mitigating factors, as well as his consideration of the sentencing principles and applicable facts and circumstances. Therefore, we conduct our de novo review with a presumption that the sentence is correct. However, because we find that the trial court erred by relying upon enhancement factors which are inapplicable to this case, we conclude that the sentence must be reduced. We therefore modify Defendant's sentence from twenty years to seventeen years.

## I. ENHANCEMENT FACTORS THREE AND SIX

Defendant argues that the trial court improperly applied enhancement factors three and six. See Tenn. Code Ann. § 40-35-114(3), (6). The State concedes that the trial court erred by applying these factors in the case at bar.

First, § 40-35-114(3) states that a sentence may be enhanced if the "offense involved more than one (1) victim." The trial court relied upon this factor because the killing caused the victim's two young children to become motherless. This Court previously held that the term "victim," as used in § 40-35-114(3), "does not include a person who has lost a loved one or a means of support because the perpetrator of the crime killed a relative." State v. Raines, 882 S.W.2d 376, 384 (Tenn. Crim. App. 1994); see also State v. Alexander, 957 S.W.2d 1, 6 (Tenn. Crim. App. 1997).

Second, § 40-35-114(6) states that the "personal injuries inflicted upon or the amount of damage to property sustained by or taken from the victim was particularly great." Because "particularly great" personal injury is an element of

the offense of second degree murder, application of this enhancement factor was error. Tenn. Code Ann. § 40-35-114 (stating that enhancement factors may be applied if "appropriate for the offense" and "not themselves essential elements of the offense"); State v. Nix, 922 S.W.2d 894, 903 (Tenn. Crim. App. 1995) (factors which constitute essential elements of the underlying offense may not enhance a sentence).

## II. ENHANCEMENT FACTOR TEN

The State disputes Defendant's contention that the trial court erred by applying § 40-35-114(10): that Defendant "had no hesitation about committing a crime when the risk to human life was high." Although application of this factor is improper in a homicide case when the "human life" considered is the victim, see State v. Butler, 900 S.W.2d 305, 313 (Tenn. Crim. App. 1994); it may properly be considered for "risk to human life" other than the victim. See State v. Johnson, 909 S.W.2d 461, 464 n.1 (Tenn. Crim. App. 1995). However, the victim or victims must be "subject to injury" for this factor to be applicable. State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995).

The opinion of this Court upon appeal from the original conviction reflects that the victim's two small children were sleeping in the living room and that the murder of the victim occurred in a "back bedroom." We find that the children were not subject to injury such that Defendant created a risk to their lives during commission of the offense against the victim. The facts of this case are most similar to the cases of State v. Samuel D. Braden, No. 01C01-9610-CC-00457, 1998 WL 85285 (Tenn. Crim. App., Nashville, Feb. 18, 1998), and State v. Robert

Kevin Moore, No. 01C01-9606-CC-00255, 1997 WL 409481 (Tenn. Crim. App., Nashville, July 23, 1997).

In Braden, the defendant and the victim engaged in the fatal confrontation outside of their home, while the defendant's daughters were inside the house. Braden, 1998 WL 85285, at *5. We stated, "Though the defendant's daughters were inside the house, there is no evidence of record that they were likely to come outside during the criminal episode which resulted in the victim's death." Id. Likewise, in Moore, we rejected application of enhancement factor ten because, "[w]hile the victim's children were present in the house, they were not in the room where the incident occurred." Moore, 1997 WL 409481, at *5.

The State argues that the facts at hand are most similar to State v. Ray Armstrong, No. 01C01-9407-CC-00260, 1995 WL 316288 (Tenn. Crim. App., Nashville, May 25, 1995), in which this Court approved the trial court's application of enhancement factor ten. That case appears to be distinguishable because the record reflected testimony that three gunshots were fired "from somewhere in the vicinity of where [the victim's young children] were sleeping." Id. at *1. Therefore, in the case at bar we must conclude that the trial court erred by relying on enhancement factor ten.

### III.  ENHANCEMENT FACTOR NINE

Defendant does not challenge the applicability of enhancement factor nine: that he "possessed or employed a firearm" during commission of the offense. Because use of a deadly weapon is not an element of second degree murder, the trial court's reliance on this factor was proper. See Raines, 882 S.W.2d at 385

("[T]he use of a firearm is not an element of murder in the second degree, and, if the accused commits murder in the second degree by shooting the victim with a firearm, this sentencing factor can be used to enhance the accused's sentence."); see also State v. Butler, 900 S.W.2d 305, 312-13 (Tenn. Crim. App. 1994).

## IV. CONCLUSION

Second degree murder is a class A felony. At the time of this conviction, the sentencing statutes demanded the courts to presume that the minimum sentence was appropriate for class A felonies. Thus, the trial court in this case should have presumed a fifteen-year sentence, prior to applying any enhancement or mitigating factors. Because the trial court minimized the weight of Defendant's mitigating factors—that Defendant committed the crime under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct, and that he had a positive work and education history—we remain satisfied that the one applicable enhancement factor outweighs the mitigating factors present in this case. We therefore elevate Defendant's sentence from the presumptive minimum of fifteen years to a term of seventeen years.

The State concedes that the trial judge erred by applying two sentence enhancement factors. We conclude that the trial judge also erred by applying a third factor. Because the trial court considered three enhancement factors which are inapplicable to this case, we modify the Defendant's sentence from twenty years to seventeen years in the Department of Correction as a Range I offender.

This case is remanded to the trial court for entry of an order in accordance with this opinion.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE